KATE F. BROWN, Respondent, v. J. WARREN LAWTON, Appellant.

*N. Y. Supreme Court, First Department, General Term, July 9, 1889.*

*Damages. Conversion of stock.*—In an action for the conversion of stock, a verdict for twenty-five dollars per share is not excessive, where the defendant admitted that he had sold some of this kind of stock at some time for $200 per share, and as witness testified that he had sold to defendant, subsequenty to the alleged conversion, a lot of this stock for $55 per share.

Appeal from a judgment entered on a verdict, and from an order denying a motion for a new trial.

*Smith & Bowman*, for appellant.

*Matthew Daly*, for respondent.

BARTLETT, J.—The appellant misapprehends the gist of this action. It is not an action for damages sustained by

the defendant's fraud, but for money which he received for her upon the sale of certain stock. The complaint, it is true, alleges that in the course of the negotiation, the defendant made false representations to the plaintiff and deceived her as to the price which the purchaser would pay. This, however, was nothing more than a statement of the fraudulent incidents which—the plaintiff says—occurred in the course of the negotiations, and which enabled the agent successfully to deceive his principal as to the amount received for her. These incidents were in the nature of evidence and were not essential to the complaint. The true issue was the narrow one submitted to the jury by the learned judge at circuit. It was this. Did Lawton purchase the stock for himself, directly from the plaintiff for $2,000, and then lawfully sell it to one Sterling for $5,000 ? Or did he sell the stock to Sterling, as plaintiff's agent, receiving $5,000 therefor, deceiving his principal as to the real purchase-price, accounting to her for but $2,000, concealing the receipt of the additional $3,000 and fraudulently retaining the latter sum to his own use ? The jury found against Lawton on this issue, and we need say no more upon the subject than that there is nothing in the case to justify our disturbing the verdict.

The only exceptions in this case are to the refusal to dismiss the complaint at the close of the plaintiff's case, and again when the evidence on both sides was in.

The learned judge was entirely right in denying these motions, and in submitting the questions of fact to the jury. He submitted them in a charge of perfect fairness, evincing due consideration for the defendant's position, and dwelling fully and fairly upon every fact which could help him.

Our conclusion is that the appeal on this branch of the case is without merit.

That disposes of the main appeal. The other cause of action brings up a questions of damages. It seems that the plaintiff gave the defendant thirty-seven shares of stock,

supposing that they were all to be delivered to the pur-
chaser for the $2,000. It appears, however, that the de-
fendant received the $5,000 for but twenty-five of these
shares, and that, besides the $3,000 in cash, he has also re-
tained the remaining twelve shares. The plaintiff demanded
the latter before this suit was brought, and upon the de-
fendant's refusal to deliver them to her, she included in her
complaint a cause of action for their conversion. The
verdict upon the main issue also carried the case as to these
twelve shares, and the only other question, on that head,
is as to the amount of damages. The jury awarded $300,
or twenty-five dollars per share. This certainly was not
excessive. The shares had no market value, and the testi-
mony was necessarily limited to special sales and to the
condition of the company. The demand was in December
1886, and the defendant, in the latter part of 1885, admit-
ted that he had sold some of this stock for $200 per share—
when, he did not say. A witness (Jando) also testified
that he had sold a lot of this stock to the defendant for
fifty-five dollars per share—when, does not clearly appear;
but it was certainly subsequent to the defendant's sale to
Sterling. The latter sale was also to be considered, in con-
nection with the subsequent status of the company.

Upon this testimony, the learned judge properly submit-
ted the question of damages to the jury, and their verdict
seems to be reasonable. if not insufficient.

The defendant did not claim that there was no proof of
damage to go to the jury. Nor did his motion to dismiss
include this point. On the contrary, he requested the court
to charge the jury that "a special sale of stock would not
fix the market value of it." The court acceded to this re-
quest, charged it, and added, that while such a sale would
not be conclusive, the jury might consider it in determining
the value. This was not excepted to and no further obser-
vations upon the subject were made.

There was therefore no reviewable error, and the evidence of value, though slight, was sufficient to support even a larger verdict.

It follows that the judgment should be affirmed with costs.

VAN BRUNT, Ch J., and DANIELS, J., concur.